STATE v. MARY HOWARD and ERNEST W. HARTSELL.

(Filed 17 February, 1926.)

**Criminal Law—Evidence—Participation—Nonsuit.**

> Evidence that the defendant was in the company of others who burglarized a store, and participated or aided therein while waiting on the outside during the time when the felonious act was committed, is sufficient to deny defendant's motion as of nonsuit, the jury to pass upon and determine its weight and credibility.

APPEAL by defendants from *Calvert, J.,* at November Term, 1925, of PERQUIMANS. No error.

From judgment upon verdict that defendants are guilty of burglary in the second degree, as charged in the indictment, defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Bailey for the State.*
*Carl Weigand and McMullan & LeRoy for defendants.*

PER CURIAM. Defendants rely chiefly upon their appeal to this Court upon their assignment of error based upon exception to the refusal of the court to allow their motion for judgment as of nonsuit at the close of all their evidence. We have read the evidence with care, and cannot sustain this assignment of error. Defendants admit that they were present at the time the dwelling-house of the State's witnesses was broken into and entered by Lewis Powell and Sam Lougee, who had accompanied them in an automobile from Norfolk to the home of Townsend Chappell in Perquimans County, North Carolina; that both Powell and Lougee, after entering the house, about 10 o'clock, during the nighttime, while Townsend and wife—the only occupants of the house—were at the store nearby, where they had gone at the request of defendants, left with them, in the automobile and rode with them to Suffolk, Va., where they were all arrested. It is not contended by the State that these defendants entered the house, but it is contended that they entered into a conspiracy with Powell and Lougee, by which they were to get Chappell and his wife out of the house, into the store, so that Powell and Lougee could break and enter into the dwelling-house during their absence for the purpose of stealing the money of Chappell and his wife. There was sufficient evidence to be submitted to a jury tending to sustain this contention. It is true that there is evidence tending to establish facts which contradict and rebut inferences and conclusions which the State contended arose upon all the evidence, and that Sam Lougee testified that neither of the defendants knew of the purpose of Powell and himself to break into and steal from the house of the Chappells. The evidence tending to show a knowledge by defendants of the purpose of their companions to commit the crime, and their participation in the commission of the crime is sufficient to raise more than a suspicion or conjecture of their guilt. It was properly submitted to the jury. It is the function of the jury to determine the credibility of testimony, and the probative force of evidence.

The evidence admitted over the objection of defendants was competent for the purpose of identification. The fact that defendants might have been prejudiced before the jury by this evidence, or that arguments were made to the jury by the solicitor upon this evidence which might have prejudiced their defense, does not render the evidence incompetent. Assignments of error based upon exceptions to the rulings of the court upon defendants' objections to this evidence cannot be sustained. There is

No error.